Brady v. Madden Bros.

---

## J. F. Brady and Edward J. McCarty v. Madden Bros.

1. NEGOTIABLE PAPER—*Accommodation Indorser—When Not Liable.*
—In a suit against the drawer and indorser of a check, the plaintiffs, who were real estate agents, testified that the check was given as a deposit on a real estate contract, between the drawer of the check and a third person, and that the indorser had no interest in the transaction, having merely loaned his name for convenience; that this trade fell through, but that the drawer of the check was indebted to them on another transaction. *Held*, that plaintiffs had no claim on the check, and that the indorser was not liable.

2. JUDGMENT—*On a Joint Promise Must be Joint.*—In an action *ex contractu* on a joint promise, a judgment can not be rendered against one defendant only, but must go against all the defendants, or none.

**Assumpsit,** on the common counts, with special count on a check. Appeal from the Circuit Court of Cook County; the Hon. Edward F. Dunne, Judge, presiding. Heard in this court at the October term, 1896. Reversed and judgment here. Opinion filed December 28, 1896.

### Statement of the Case.

This is an appeal from a judgment for $1,017, rendered July 2, 1896, in favor of appellees and against appellants. The declaration contained a special count under the statute permitting the drawer and indorser to be sued jointly, and the common counts. The special count was on a check made by appellant Brady, payable to appellant McCarty, and by him indorsed in blank and delivered.

In addition to the general issue, two special pleas were filed: First, that the check was simply an accommodation check. Second, that the check was never intended to be used. By stipulation, all defenses were to go in under the general issue, and all evidence to go in under the common counts. The case was tried by the court, the parties waiving a jury. The check was offered in evidence, and appellees proved that it was presented in due season for payment to the bank, and payment refused for want of funds.

. The defendants testified that the check was loaned, merely as an accommodation check; the plaintiffs then testified that the check was given as a deposit on a real estate contract entered into between McCarty and one Johnson, McCarty's name being used by Brady, who was the real party, McCarty having no interest in the transaction; that this trade fell through; that Brady's property in Kansas City was contracted to be sold to Johnson for $30,000, and that appellees were entitled to recover for commissions on such sale, Brady having refused to carry it out. Appellees testified that McCarty, as they knew all the while, had no interest in the transaction, having merely loaned the use of his name to Brady.

Johnson & McDannold, attorneys for appellants.

Edward J. Walsh, attorney for appellees.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The check having been given as a deposit upon a real estate trade, nominally between McCarty and Johnson, but really between Brady and Johnson, the check was not made for the use of appellees, and they have no claim to it.

If appellees have any claim for commissions, it is against Brady alone, for commissions earned in effecting a sale of his Kansas City property; they have no claim against McCarty, for they had no dealings with McCarty, and do not pretend to have had; they state that his name was used by Brady, entirely for Brady's convenience. They were not misinformed, and did not sell, or try to sell, any property belonging to McCarty.

Such being the case, they were not, taking their statement as to the facts to be entirely true, entitled to recover against McCarty.

Nor were they, the action being *ex contractu* for a joint promise, entitled to recover against one defendant only; they could have a recovery against all the defendants or none. United Workmen et al. v. Zuhlke, 129 Ill. 298.

It is therefore unnecessary for us to discuss the conflicting and irreconcilable testimony given upon the trial.

The cause having been tried without a jury, the judgment of the Circuit Court is reversed, and a judgment will be here entered for appellants, upon a finding of facts.

Judgment reversed, and judgment for appellants here, with finding of facts.